Unauthorized Practice of Law, In re:
Brown, Weiss and Wohl, et al.

Common Pleas Court, Cuyahoga County.

No. 722206.   Decided June 29, 1962.

Hoover, J.  This cause came on regularly for trial before the Court, sitting without a jury, on the 27th day of November, 1961, with Gilbert Weil appearing as attorney for the Unau-

thorized Practice of Law Committee, being the relators (plaintiff) herein, and Robert Loeb appearing as attorney for all of the defendants. The Court having reviewed the pleadings of the parties and heard all of the evidence presented by witnesses finds the facts to be as follows:

## FINDING OF FACTS

(1) That Brown, Weiss and Wohl, as a partnership and as individuals and their employees, Edward Ostrovsky and Garcon Weiss were not authorized or qualified to practice law in this state; that both the answer as well as the evidence discloses that none of these named individuals had the proper qualifications to practice law in the State of Ohio or any community therein.

(2) That Brown, Weiss and Wohl as a partnership and as individuals directly and indirectly as well as through their employees did hold themselves out as being qualified and competent to render legal advice and counsel and did render legal advice and counsel to various clients of theirs concerning the legal effect of the provisions of the Workmen's Compensation Law of the State of Ohio and the rules and regulations adopted and promulgated by the Bureau of Workmen's Compensation and the Industrial Commission of Ohio; that they did prepare and file various forms with the Bureau of Workmen's Compensation and the Industrial Commission of Ohio; that they did select what they advised their clients to be the proper forms in their particular claims, which selection involved the use and application of legal knowledge of the decisions of the Supreme Court of Ohio as well as the statutes governing Workmen's Compensation Law in the filing and processing of claims; that they did give advice to their clients as to the legal effects and use of such forms that they filed with the Bureau of Workmen's Compensation and the Industrial Commission of Ohio; that they did act as intermediary in the employment of legal counsel to prosecute claims for settlement as well as claims pending for decision before the Industrial Commission of Ohio; that they did hire and select counsel, namely Napoleon Bell, an attorney at law at Columbus, Ohio, to handle the claims of their clients on settlement matters as well as appeals pending on claims before the Industrial Commission of Ohio at Columbus,

Ohio; that they did prepare and draft various forms such as applications for occupational disease, applications for injuries, applications for permanent partial awards, forms known as notices of election, applications for re-consideration before the Administrator, notices of appeal before the Board of Review and the Industrial Commission of Ohio in claims pending before said Workmen's Compensation Bureau of the State of Ohio as well as the Industrial Commission of Ohio; that they did advise and counsel their clients regarding the use of the proper forms to be filed to fit their particular legal needs; that they did advise and counsel their clients regarding their legal rights to receive compensation under Section A or B of Section 4123.57, Revised Code; that they did render advice and opinions to their clients regarding their legal rights on the settlement of their or its claims; that they did directly and indirectly through their employees present evidence, examine and cross-examine witnesses and presented arguments of law and facts before the deputy administrator, Administrator of the Bureau of Workmen's Compensation, the Regional Board of Review, and the Industrial Commission of Ohio on behalf of their clients who were seeking compensation under the Workmen's Compensation Law; that they did advise and counsel clients as to the filing of notices of appeal from decisions of the deputy administrator as well as the Administrator of the Bureau of Workmen's Compensation both to the Regional Board of Review and the Industrial Commission of Ohio; that in preparing and filing applications for permanent partial awards they would present medical proof and other evidence as to wage statements; that they would do all these acts not as a voluntary service but charged a stipulated fee based upon the percentage of compensation awarded, which the claimant received as a result of their efforts.

(3) That under Section 4123.515, Revised Code, before making or denying an award in a disputed claim, the Administrator of the Bureau of Workmen's Compensation or one of his deputies shall afford to the claimant as well as the employer an opportunity to be heard upon reasonable notice and to present testimony and facts pertinent to the claim; that under Sections 4123.516, .517 and .518, Revised Code, the requirements

regarding appeals to the various constituent bodies of the Bureau of Workmen's Compensation and the Industrial Commission of Ohio are set forth; that Section 4123.57, Revised Code, sets forth the manner in which an application for permanent partial award is being made and also sets forth the right to claimants to partake of those benefits through a Notice of Election under either paragraph A or paragraph B of said section; that Section 4123.68, Revised Code, governs the filing of an application for occupational disease benefits and Section 4123.01, Revised Code, governs the filing of an injury claim and particularly said section defines the meaning of the term injury; that the various other sections of the Workmen's Compensation Law of Ohio and decisions of the Supreme Court of Ohio govern the rulings to be made by the Administrator, Board of Review and the Industrial Commission of Ohio; that the hearings under Section 4123.515, Revised Code, before the deputy administrator and/or the Administrator, are usually heard in cases in which there is a dispute such as whether or not the injury occurred in the course of and arising out of the employment, was the injury caused by an accident within the meaning of the statute and decisions of the Supreme Court, was the disability causally related directly and proximately to the accident, and various other legal problems such as extra-territorial jurisdiction; that these same problems are involved in hearings both before the Board of Review as well as the Industrial Commission of Ohio; that testimony is taken and witnesses examined and cross-examined at these various hearings and that arguments of law as well as fact are presented at these various hearings; that Brown, Weiss and Wohl both as a partnership and as individuals directly and indirectly through their employees did counsel, advise, examine and cross-examine witnesses before these various bodies; that they did present arguments of law and fact both before the Administrator and the Board of Review and the Industrial Commission of Ohio; that they did file notices of appeal in accordance with the statutory provisions of the law; that they did file applications on behalf of their clients in which the use and knowledge of the statutory requirements of occupational disease and injury were necessary in order for them to file the proper claim; that they

did advise and counsel their clients as to their rights of appeal; that they did file applications for permanent partial awards under the particular statute (Section 4123.57, Revised Code), and did advise and counsel their clients regarding the notice of election as to whether to take under paragraph A or B thereof; that said counsel and advice required not only the knowledge of law as stated in the statute governing permanent partial awards but also decisions of the courts involving the meaning of the words impairment of earning capacity and vocational handicap as stated in the statute; that in filing applications for lump sum settlement they did advise and counsel their clients regarding the legal effects of such settlement insofar as the future rights to compensation were concerned; that they did file applications for lump sum settlement and when the hearings were held in Columbus, Ohio, they referred their clients to a Napoleon Bell, an attorney at law at Columbus to handle these settlement claims, which they had filed on behalf of their clients; that they did pay said Napoleon Bell a stipulated amount for the services he rendered to their clients; that in appeals filed to the Industrial Commission of Ohio by them, they did retain Napoleon Bell to represent their clients before the Industrial Commission of Ohio on said appeals.

### CONCLUSION OF LAW

Court, therefore, concludes as a matter of law that all of the acts as found in the finding of fact in representing their clients before the Industrial Commission of Ohio, the Administrator of the Bureau of Workmen's Compensation, and the Board of Review did constitute the practice of law and involved the use and knowledge of the Workmen's Compensation Law as well as the various decisions of the Courts of Ohio; that in preparing and determining which application to file such as whether it should be an injury application or an occupational disease application, notices of appeal, applications for permanent partial awards and notice of election that were performed by said defendants directly or indirectly through their employees did involve the use and application and knowledge of the Workmen's Compensation Law as well as the various decisions of the Courts of Ohio; that in rendering advice and counsel to clients as to the type of claim to file, and their

rights as far as permanent partial awards, as well as notices of appeal and settlements, involved the use and application of the Workmen's Compensation Laws of the State of Ohio and the Courts of Ohio; that the examination and cross-examination of witnesses and the arguing of facts as applied to the law before the Administrator of the Bureau of Workmen's Compensation, Board of Review and the Industrial Commission of Ohio did involve the knowledge of the Workmen's Compensation Law and the decisions of the Courts of Ohio; that the practice of law is not limited to the conduct of cases in Court, but embraces the preparation of forms incident to actions and such proceedings, and the management of those actions and special proceedings on behalf of clients and in general all advice and counsel to clients and all actions taken by them for the clients in matters connected with the law; and that, therefore, the acts as stated in the finding of facts did constitute the unauthorized Practice of law. Defendants except.